Levi W. COX, Defendant Below, Appellant,

v.

NEW CASTLE COUNTY, Plaintiff Below, Appellee.

Supreme Court of Delaware.

March 23, 1970.

Reargument Denied April 8, 1970.

Donald W. Booker, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for appellant.

Harvey B. Rubenstein, Asst. County Atty., for New Castle County.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This case is an appeal from the Court of Chancery enjoining appellant's current usages of his land.

New Castle County filed an action against the appellant alleging that he was using certain land in violation of the Zoning Code. Thereafter, the County amended the complaint to allege that the uses being made of the land constituted a public nuisance and that the appellant had erected a structure upon the land without obtaining a permit in violation of the Building Code.

The appellant filed an answer admitting use of the land, but denying the remainder of the allegations.

At trial, evidence was presented to show that appellant had a trailer, a corn crib, a pony, several bee hives and a collection of junk on his property which was zoned commercial. At the conclusion of the hearing, the Court of Chancery made alternate judgments in favor of the County, one on public nuisance grounds; the others on Zoning and Building Code violations. Subsequently, appellant filed a motion for relief of judgment under Rule 60(b), Del. C.Ann., which was denied. This appeal followed.

Appellant contends: (1) that the Court of Chancery lacked jurisdiction here because legal remedies under the New Castle County Building and Zoning Codes had not been exhausted; (2) that New Castle County had no authority to bring any action for public nuisance in its own name; (3) that he has not violated the Building or Zoning Codes of New Castle County.

It is a doctrine of the widest acceptance that an equity court has jurisdiction to restrain existing public nuisances by injunction. 4 Pomeroy's Equity Jurisprudence (5th Ed.) § 1349. And that jurisdiction is not affected by the fact that such nuisance is technically a crime. State v. Sposato, 235 A.2d 841 (Del.Ch. 1967); Delaware Optometric Assn. v. Sherwood, 35 Del.Ch. 507, 122 A.2d 424 (1956). While the abatement of a public nuisance, generally speaking, is at the suit of the Attorney General, Harlan & Hollingsworth Co. v. Paschall, 5 Del.Ch. 435, nevertheless, New Castle County as a legally created public authority may sue for relief from a public nuisance in its own name. Town of Seaford v. Eastern Shore Public Service Co., 22 Del.Ch. 1, 191 A. 892. See 65 A.L.R. 702. Thus, the trial court could properly make a determination, as it did, based on public nuisance grounds.

We have considered the record and are of the opinion that the evidence supports the finding that appellant was maintaining a public nuisance.

Since the Court of Chancery made alternate judgments, we do not reach the appellant's contentions regarding violations of Building or Zoning Codes of New Castle County.

The judgment below is affirmed.